ROSE DORNBUSCH, AND THE BORJAN REALTY CORPO-RATION, A CORPORATION OF NEW JERSEY, PROSECU-TORS, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, RESPONDENT.

Submitted May 17, 1935—Decided September 11, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutors, *Samuel Rosenthal.*

For the respondent, *Jules Tepper.*

BODINE, J. The board of adjustment revoked a permit duly issued by the superintendent of buildings of the city of Newark for an automobile laundry at 793 Sanford avenue. The zoning ordinance forbids a public garage in this neighborhood, it being a first business zone. Apparently any accessory garage can be conducted in such district. It may be that the restriction is arbitrary and bears no relation to public

health, safety, morals and general welfare, but we do not have to so decide.

Sanford avenue is a main thoroughfare and automobile traffic is heavy. It seems to be ideally located for gasoline filling stations because there are six stations in three blocks. The proposed site of the auto laundry adjoins a filling station and another is immediately across Sanford avenue. On the other side of Mt. Vernon place is an apartment house which accounts for the original objection, later voluntarily withdrawn before the board of adjustment revoked the permit.

After the superintendent of buildings issued the permit for the laundry, the work was substantially completed before an appeal was taken to the board.

It seems to us that the business of washing cars, as conducted in the kind of automobile laundry shown in the proofs and plans, is really an automobile accessory business. The exclusion of an automobile washing equipment in a neighborhood so largely devoted to the sale of gasoline and the servicing of cars and batteries was arbitrary and unjustified.

The revocation of the permit will be set aside, with costs to be taxed.